UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TAMARA YVONNE MOTLEY,<br><br>    Defendant. | Case No. 2:17-cr-00774-SB-1<br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE |

    Defendant Tamara Motley was convicted at trial of twenty counts of healthcare fraud, one count of conspiracy to commit money laundering, two counts of aggravated identity theft. Dkt. No. 482. In December 2023, the Court sentenced her to 156 months on the money laundering count (which ran concurrently with 120-month sentences for the twenty healthcare fraud counts), followed by 24 months on the aggravated identity theft counts (equating to 180 months of imprisonment total), followed by three years of supervised release. Dkt. No. 523. She filed a notice of appeal shortly thereafter. Dkt. No. 525. Motley now moves to reduce her sentence under 18 U.S.C. § 3582(c)(2) based on the application of Amendment 821 to the U.S. Sentencing Guidelines, which took effect one month prior to Motley's sentencing. Because her guideline range at sentencing already accounted for the amendment, the Court DENIES the motion.

I.

A.

    Generally, "the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). While a court may not grant a motion for relief while an appeal is pending, Federal Rule of Criminal Procedure 37 grants the

court the authority to (1) defer consideration, (2) deny the motion, or (3) indicate that it would grant the motion if the court of appeals remands. Fed. R. Crim. P. 37. In the interest of judicial economy, the Court considers the merits as authorized by Rule 37. *See United States v. Velasquez*, No. 12-cr-877-4 at *3, (D. Ariz. Oct. 1, 2020) (analyzing merits of 18 U.S.C. § 3582(c) motion under Rule 37 during pendency of appeal in interest of judicial economy).

B.

In November 2023, the U.S. Sentencing Commission amended the sentencing guidelines to eliminate or reduce the additional criminal history points for offenses committed while under a criminal justice sentence, depending on the defendant's criminal history. United States Sentencing Commission, Guidelines Manual App. C., Amdt. 821 (Supp. Nov. 2012–Nov. 2023) (modifying U.S.S.G. § 4A1.1). Part B of the same amendment provides for a two-point reduction in the offense level for defendants who have no criminal history and who meet certain criteria. *Id.* The amendment applies retroactively. U.S.S.G. § 1B1.10(d)–(e).

Section 3252, which sets forth the process for reducing a sentence pursuant to a retroactive amendment to the sentencing guidelines, states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Amendment 821 is "consistent with applicable policy statements issued by the Sentencing Commission." *See* U.S.S.G. § 1B1.10(d)–(e) (listing Amendment 821 as applying retroactively). Courts analyze 3582(c)(2) motions in two steps: first determining whether the application of the amendment would result in a reduced guideline range, and, if it does, then determining whether to reduce the sentence after considering the § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

      Part A of Amendment 821 changes the calculation of a defendant's criminal history category for offenses committed while under a criminal justice sentence. Prior to the amendment, defendants who committed the charged offense while under a criminal justice sentence received two additional criminal history points. After the amendment, no additional criminal history points are added if the defendant has six criminal history points or less, and one additional criminal history point is added if the defendant has seven or more points. U.S.S.G. § 4A1.1(e). The total points determine a defendant's criminal history category, which is then applied to the offense level to determine the guideline range. U.S.S.G. § 5A. Part B operates to reduce the offense level by two points for defendants who have no criminal history points and meet certain criteria.

## II.

      The Court first analyzes whether application of the amendment would reduce Motley's guideline range. The answer is no. At the time Motley was sentenced, the amendment had already gone into effect. As a result, she received no additional criminal history points for having committed the offense while under a criminal justice sentence. Dkt. No. 499 ¶ 72. The PSR reflects this fact and expressly references the impact of the amendment.

      Motley's current motion requests a sentence reduction as a "zero-point" offender, referring to Part B of the amendment, which requires a defendant to have no criminal history points. Motley had three criminal history points at sentencing. Dkt No. 499 ¶ 72. She is thus ineligible.

      Accordingly, the Court DENIES the motion.

Date: March 11, 2024

                                               Stanley Blumenfeld, Jr.
                                               United States District Judge